# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10819
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 22, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LEONARD JOVON COULTER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:16-CR-62-2

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

Leonard Jovon Coulter pleaded guilty pursuant to a plea agreement to one count of robbing a credit union in September 2016 and one count of using and carrying a firearm during and in relation to a crime of violence. As part of his sentence, the district court ordered Coulter to pay $53,519.50 in restitution, which included amounts stolen in the September 2016 robbery as well as in a May 2016 credit union robbery that Coulter admitted in the plea agreement

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10819

that he committed.  He now appeals the legality of the restitution order, contending that the district court was not authorized by statute to include the losses from the May 2016 robbery for which he did not plead guilty.  He argues that, though he agreed in the plea agreement that the restitution amount could include relevant conduct, the May robbery was not relevant conduct under U.S.S.G. § 1B1.3.  We review the legality of the restitution order de novo. *United States v. Norris*, 217 F.3d 262, 271 (5th Cir. 2000).

Generally, the amount of restitution that a court may order is limited to the loss to the victim resulting directly from the offense of conviction.  *United States v. St. Junius*, 739 F.3d 193, 214 (5th Cir. 2013); *see* 18 U.S.C. § 3663A(a)(1), (2).  However, "[t]he court shall also order, if agreed to by the parties in a plea agreement, restitution to persons other than the victim of the offense."  § 3663A(a)(3).  In the plea agreement, Coulter agreed to pay restitution, which "may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone."  Because Coulter admitted in the factual basis in support of his plea agreement that he committed the May 2016 robbery, that robbery was a count of conviction for purposes of sentencing, *see* U.S.S.G. § 1B1.2(c) & comment. (n.3), and thus relevant conduct under § 1B1.3(a)(1)(A).  Accordingly, § 3663A(a)(3) authorized the court to order restitution based on the amount stolen in both robberies in accordance with the plea agreement.

AFFIRMED.